LATHAM & WATKINS LLP
   Joshua G. Hamilton (Bar No. 199610)
   *joshua.hamilton@lw.com*
   Sarah F. Mitchell (Bar No. 308467)
   *sarah.mitchell@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

*Attorneys for Defendant PSI Services LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NCS PEARSON, INC. d/b/a PEARSON VUE,<br><br>    Plaintiff,<br><br>    v.<br><br>TRADING DIEM, INC., a California company; and PSI SERVICES LLC,<br><br>    Defendants. | CASE NO.   2:22-cv-1922<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1441, 1331, AND 1338(a)**<br><br>*From the Superior Court of the State of California, County of Los Angeles, Case No. 21VECV00214* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF STATE COURT
ACTION PURSUANT TO 28 U.S.C.
§§ 1441, 1331, AND 1338(a)

**TO THE CLERK AND THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant PSI Services LLC ("PSI") hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

PSI is entitled to remove the above-captioned action to federal court pursuant to 28 U.S.C. §§ 1441(a), 1331, 1338(a), and the following facts:

## PROCEDURAL HISTORY

On February 19, 2021, Plaintiff NCS Pearson, Inc. d/b/a Pearson VUE ("Plaintiff") filed a Complaint (attached hereto as Ex. 1) in the Superior Court of the State of California in and for the County of Los Angeles, initiating an action assigned Case No. 21VECV00214 (the "State Court Action"). Trading Diem, Inc. ("Trading Diem") was named as the sole defendant.

On April 9, 2021, Trading Diem filed an Answer to the Complaint (attached hereto as Ex. 13), generally denying all allegations in the Complaint, asserting affirmative defenses, and requesting a jury trial.

On December 21, 2021, Plaintiff filed a Motion for Leave to Amend the Complaint, which proposed to add PSI as a defendant in the State Court Action. The Court granted Plaintiff's Motion for Leave to Amend the Complaint on January 19, 2022. *See* Exs. 22, 30.

On January 20, 2022, Plaintiff filed a First Amended Complaint (attached hereto as Ex. 31, the "FAC"), naming Trading Diem and PSI as defendants. PSI was not served with the summons and FAC until March 22, 2022.

True and correct copies of all records on file in the State Court Action are attached hereto as Exhibits 1 through 39. Currently, no motion or hearing in the State Court Action is pending.

## THE STATE COURT ACTION IS REMOVABLE

The State Court Action is removable to this Court because Plaintiff brings its first claim for relief under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and its third claim for relief under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(1). *See* FAC ¶¶ 29-39, 53-65. Accordingly, the essential condition of removal—"whether the case originally could have been filed in federal court"—is undoubtedly met here. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997). Plaintiff's claims under the CFAA and DMCA make the State Court Action a case "arising under the … laws … of the United States," over which this Court has original jurisdiction on "federal question" grounds. *See* 28 U.S.C. § 1331. Such a case is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The presence of a single federal law claim is sufficient to remove an entire action. *See Embury v. King*, 361 F.3d 562, 565 (9th Cir. 2004) ("removal is not of a claim, but of the 'case'"); *City of Chicago*, 522 U.S. at 165 ("once the case was removed, the District Court had original jurisdiction over [plaintiff's] claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims").

The State Court action is also removable pursuant to 28 U.S.C. § 1338(a), which provides an independent basis for federal jurisdiction. That statute grants "the district courts" original and exclusive jurisdiction over "any civil action arising under any Act of Congress relating to … copyrights." Plaintiff brings its third claim for relief under the DMCA, 17 U.S.C. § 1201(a)(1). *See* FAC ¶¶ 53-65. As discussed above, such a case is removable pursuant to 28 U.S.C. § 1441(a) which allows for the removal of any action of which the district courts have original

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

NOTICE OF REMOVAL OF STATE COURT
ACTION PURSUANT TO 28 U.S.C.
§§ 1441, 1331, AND 1338(a)

jurisdiction. Additionally, 28 U.S.C. § 1441(f) provides: "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State Court from which such civil action is removed did not have jurisdiction over that claim." Thus, the fact that the state court lacked jurisdiction over the copyright claim—which should have been brought in federal court—does not preclude removal here.

### COMPLIANCE WITH 28 U.S.C. § 1446

This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and copies of all filed records in the State Court Action are attached hereto as Exhibits 1 through 39. *See* 28 U.S.C. § 1446(a).

This Notice of Removal has been filed within the time period prescribed by 28 U.S.C. § 1446(b)(2)(B)—*i.e.*, within 30 days of service of process of the summons and operative complaint on the later served defendant, PSI, which occurred on March 22, 2022. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 611 n.3 (9th Cir. 2016) ("the thirty-day period under § 1446(b) begins to run when the defendant is properly served with process"); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("each defendant is entitled to thirty days to exercise his removal rights after being served").

As required by 28 U.S.C. § 1446(b)(2)(A) and (C), PSI avers that Trading Diem consents to the removal of this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (consent of all defendants is satisfied where "one defendant avers that all defendants consent to removal").

Promptly after the filing of this Notice, PSI will give written notice to Plaintiff and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

PSI does not waive, and expressly preserves, all objections, defenses, and exceptions to the complaint authorized by law, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, PSI removes the State Court Action to this Court.

Dated:  March 24, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By  /s/ Joshua G. Hamilton
Joshua G. Hamilton
*Attorneys for Defendant
PSI Services LLC*